UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JODY DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>WHITE COUNTY, GA,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT

COMES NOW Plaintiff, Mr. Jody Davis ("Plaintiff"), by and through his undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant White County, Georgia ("Defendant" or "White County"), showing the following:

### I. NATURE OF COMPLAINT

1. Plaintiff brings this action for damages, reasonable attorney's fees, court costs, and expenses based on Defendant's violation of his rights pursuant to Title V of the Americans with Disabilities Act, 42 U.S.C. §12203, based on reported violations of Title II of the ADA, 42 U.S.C. §12132, and the Georgia Whistleblower Act, O.C.G.A. § 45-1-4.

## II. PARTIES

2. Plaintiff is a resident of the State of Georgia, a citizen of the United States of America, and is subject to the jurisdiction of this Court.

3. Defendant is a municipality operating within White County, Georgia.

4. Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of Title V of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12203, based on reported violations of Title II of the ADA, 42 U.S.C. §12132.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Count II of this Complaint, which arises out of the same transaction or occurrence as Count I of this Complaint and the Georgia Whistleblower Act, O.C.G.A. § 45-1-4 ("GWA").

7. The majority of the events plead herein occurred in White County, Georgia.

8. This Court has jurisdiction over the parties of this action because a substantial portion of the employment practices described herein took place within the Gainesville Division of the Northern District of Georgia.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

10. This action has been timely commenced.[1]

## IV. FACTUAL ALLEGATIONS

11. Defendant is now, and at all times relevant hereto has been, an entity subject to Title II of the Americans with Disabilities Act ("ADA"), which requires that public entities provide voters with disabilities an equal opportunity to vote.

12. Within White County is the department of White County Board of Elections and Registration.

13. The alleged mission of the White County Board of Elections and Registration, and thereby of White County, is to conduct reliable elections and accurately maintain voter registration records for citizens.

14. The White County Board of Elections and Registration and White County are to enforce and adhere to all applicable Federal, State, or Local Laws regarding Elections and Voter Registration.

15. Plaintiff was employed with White County from August 8, 2022, until his termination on November 9, 2023.

16. At all times relevant to his claims, Plaintiff worked as a Supervisor of Elections for White County, Georgia and the White County Board of Elections and

---

[1] The Eleventh Circuit has held that exhaustion is not required for claims brought by non-federal employees under Title II of the ADA. *See Bledsoe v. Palm Beach Cnty. Soil & Water Conservation Dist.*, 133 F.3d 816, 824 (11th Cir. 1998) (stating with approval a district court's finding that "although Title I requires exhaustion, Title II does not because it "incorporates the enforcement procedures of the Rehabilitation Act . . . which do not require exhaustion of administrative remedies for non-federal employees") (citing *Ethridge v. State of Ala.*, 847 F. Supp. 903, 907 (M.D. Ala. 1993))

Registration.

17. At all times relevant to his claims, Plaintiff worked for Defendant at 1241 Helen Highway, Cleveland, Georgia, 30528.

18. At all times relevant to his claims, Plaintiff was supervised by Mr. Mike Renshaw, County Manager, and Mr. William "Billy" Pittard, County Manager.

19. Plaintiff had a positive performance history with White County and received no indications of unsatisfactory performance prior to the termination of his employment.

20. In February 2023, Plaintiff reported to Mr. Renshaw and White County Commissioner, Mr. Edwin Nix, that White County's Town Creek polling place was not compliant with Federal and State laws and regulations due to disability accessibility issues.

21. Specifically, the accessibility issues identified by Plaintiff would deny qualified disabled voters equal access to voting as compared to their non-disabled counterparts.

22. Due to the disability accessibility issues, White County was in violation of O.C.G.A. 21-2-265 and Title II of the ADA, 2 U.S.C. §12132 (hereinafter referred to collectively as "ADA and Georgia Election Law").

23. In doing so, Plaintiff specifically laid out the improvements that needed to be made by Defendant to bring the voting location into compliance with ADA and

Georgia Election Law.

24. At that time, no action was taken by White County to remedy the accessibility issue to allow for equal voting access for disabled voters.

25. In April 2023, Plaintiff emailed White County leadership that the Mauney Building, which was used for Advance Voting, was also not compliant with ADA and Georgia Election Law because of handicap accessibility issues.

26. In response, Mr. Craig Bryant, White County Commissioner, stated that, as long as he was Commissioner, he would take no steps to remedy the handicap accessibility issues as required by ADA and Georgia Election Law.

27. Mr. Renshaw also instructed Plaintiff "not to let the public find out."

28. In or around May 2023, Mr. Pittard became the Interim County Manager for White County.

29. In April 2023, Plaintiff reported to Mr. Pittard and Mr. Travis Turner, Chairman, White County Commission, that specific polling locations within White County were not compliant and in violation of ADA and Georgia Election Law.

30. Mr. Turner in turn told Plaintiff that, if Plaintiff wanted to close a polling place, it would not be good for Plaintiff's career.

31. In October 2023, White County began making permanent changes to polling locations which were privately owned.

32. On November 7, 2023, Plaintiff emailed Mr. Pittard regarding "ADA

standards for polling places."

33. Plaintiff reiterated his concerns regarding the accessibility of the county's polling places.

34. Plaintiff informed Mr. Pittard that White County was not compliant with the ADA because, while it could make temporary improvements to a private building, it could not make permanent improvements as the law mandated.

35. Furthermore, Plaintiff reported that the sidewalk that was being poured as part of these improvements was insufficient to make the polling place compliant with the ADA and Georgia Election Law.

36. Plaintiff went on to tell Mr. Pittard that he would be required to report his findings to the state election board.

37. On November 9, 2023, Plaintiff's employment with the county was terminated by Mr. Pittard.

38. In terminating Plaintiff's employment, Defendant cited directly to Plaintiff's communication on November 7, 2023, which included his reports of White County's violations of ADA and Georgia Election Law.

## V. CLAIMS FOR RELIEF

### COUNT I: RETALIATION FOLLOWING OPPOSITION TO AN ACT MADE UNLAWFUL UNDER TITLE II OF THE AMERICANS WITH DISABILITIES ACT, PURSUANT TO TITLE V OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §12203

39. Plaintiff incorporates by reference all Paragraphs and allegations set forth in

this Complaint as though fully and completely set forth herein.

40. Title II of the ADA, 42 U.S.C. §12132, provides that no qualified individual with a disability will be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity by reason of such disability.[2]

41. Defendant is a "public entity" pursuant to Title II of the ADA, 42 U.S. Code § 12131(1).

42. Title V of the ADA, 42 U.S.C. § 12203, makes it unlawful for an entity such as Defendant to retaliate against an individual such as Plaintiff for opposing a practice made unlawful by Title II of the ADA.

43. Plaintiff engaged in activity protected by the ADA when he opposed discrimination against disabled voters made unlawful by the ADA.

44. Defendant had knowledge of Plaintiff's protected activity.

45. Plaintiff suffered an adverse employment action when Defendant terminated his employment.

46. Defendant's stated reasoning as to Plaintiff's termination is direct evidence of retaliation.

---

[2] Pursuant to Title II of the ADA, a public entity may not "den[y] the benefits of [its] services, programs, or activities" to a qualified individual with a disability or subject any such individual to discrimination. 42 U.S.C. § 12132. Title II's broad scope includes voting programs and activities. *See, e.g., Am. Ass'n of People with Disabilities v. Harris,* 647 F.3d 1093, 1107 (11th Cir. 2011) ("As a public program, disabled citizens must be able to participate in the County's voting program.").

47. There is a causal link between the adverse employment action and Plaintiff's protected activity.

48. Defendant has no legitimate business reasons for the adverse action against Plaintiff.

49. Defendant's business reason for Plaintiff's termination is pretextual.

50. Plaintiff suffered damages as a result of Defendant's retaliation for which he is entitled to recovery pursuant to the ADA.

## COUNT II: RETALIATION PURSUANT TO THE GEORGIA WHISTLEBLOWER ACT, O.C.G.A. § 45-1-4

51. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

52. Plaintiff was a covered employee under the GWA.

53. Plaintiff made a protected disclosure under the GWA when he informed White County that its Town Creek polling location was not compliant with ADA or Georgia Election Law.

54. Plaintiff made a protected disclosure under the GWA when he informed White County that its Mauney Building polling location was not compliant with ADA or Georgia Election Law.

55. Plaintiff was actively dissuaded by White County from publicizing information concerning White County's non-compliance by management.

56. Plaintiff made a protected disclosure when he reported the aforementioned

compliance issues to Mr. Pittard and Mr. Turner.

57. Plaintiff made a protected disclosure when he objected to White County making permanent changes to privately owned polling locations.

58. Plaintiff made a protected disclosure when he objected to the insufficiency of improvements made in an attempt to come into compliance with ADA and Georgia Election Law on or about November 7, 2023.

59. Plaintiff suffered the adverse action of termination two days later on November 9, 2023.

60. The circumstances surrounding Plaintiff's disclosure and termination suggest a causal relationship between Plaintiff's disclosures and the ending of his employment.

61. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

62. Defendant's business reason for Plaintiff's termination is pretextual.

63. Defendant's stated reasoning as to Plaintiff's termination is direct evidence of retaliation.

64. Plaintiff has suffered damages due to Defendant's actions, for which he is entitled to recovery pursuant to the GWA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. That judgment be entered against Defendant on all claims;

c. Actual, compensatory, and liquidated damages in an amount to be determined by the enlightened conscience of a jury;

d. Attorney's fees, costs of litigation and any other relief the Court deems just and proper;

e. Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

f. Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

g. Any other relief this Court deems proper and just.

Respectfully submitted this 31st day of October, 2024.

                        THE KIRBY G. SMITH LAW FIRM, LLC

                        <u>s/Amanda M. Brookhuis</u>
                        Amanda Brookhuis, Esq.
                        Georgia Bar No. 601396
                        amb@kirbygsmith.com
                        Kirby G. Smith, Esq.
                        Georgia Bar No. 250119
                        kgs@kirbygsmith.com
                        Rachel B. Canfield, Esq.
                        Georgia Bar No. 488716
                        rbc@kirbygsmith.com
                        Benjamin Hill, Esq.
                        Georgia Bar No. 580903
                        bkh@kirbygsmith.com
                        4488 North Shallowford Road
                        Suite 105
                        Atlanta, Georgia 30338
                        Telephone: 678-379-7945
                        Facsimile: 877-352-6253

                        *Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 31st day of October, 2024.

        THE KIRBY G. SMITH LAW FIRM, LLC

        s/Amanda M. Brookhuis
        Amanda Brookhuis
        Georgia Bar No. 601396
        amb@kirbygsmith.com

        *Attorneys for Plaintiff*

12.